**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                :
ROGER ANTHONY JOHNSON,           :
                                :    Civil Action
            Petitioner,         :    No. 07-2691 (JLL)
                                :
        v.                      :    **O P I N I O N**
                                :
MICHAEL CHERTOFF, et al.,       :
                                :
            Respondents.        :
_____:

**APPEARANCES:**

   ROGER ANTHONY JOHNSON, Petitioner pro se
   ID. # 187990
   Hudson County Correctional Center
   Kearny, New Jersey  07102

**JOSE L. LINARES, District Judge**

On June 8, 2007, Petitioner ROGER ANTHONY JOHNSON (hereinafter "Petitioner"), a native of Grenada currently detained at Hudson County Correctional Center, Kearny, New Jersey, submitted the instant Petition for a Writ of Habeas Corpus (hereinafter "Petition") under 28 U.S.C. § 2241, seeking release from detention by the Department of Homeland Security (hereinafter "DHS").[1]

---

   [1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security. See 6 U.S.C. § 271(a). The Act transferred the functions of the Commissioner of the Immigration and

Petitioner, a felon under an order of removal that became final on May 26, 2007, see Pet. at 2, asserts that he is being held in custody in violation of the applicable federal statutes, as clarified in Zadvydas v. Davis, 533 U.S. 678 (2001), see Pet. at 3, because (1) Petitioner's "ninety-day statutory removal period ended," and, therefore, (2) "Petitioner has established [that] there is no realistic chance that he will be removed to Grenada." Id. at 3.

Having thoroughly examined Petitioner's submission, this Court dismisses the Petition.

## JURISDICTION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody could be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant Petition under § 2241 because Petitioner was detained

---

Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS.  See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

within its jurisdiction at the time he filed his Petition and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Zadvydas, 533 U.S. at 699.

## DISCUSSION

Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to BIA was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B). It appears that Petitioner's order of removal became final on May 26, 2007. See Pet. at 2.

Therefore, Petitioner's removal period began on May 26, 2007. See 8 U.S.C. § 1231(a)(1)(B). During the "removal period," *i.e.*, during the 90 days following issuance of the final order of removal, the alien *should* be detained. See id. § 1231(a)(2) ("Detention: During the removal period, the Attorney General shall detain the alien").

Thus, on the facts presented by Petitioner, Petitioner does

not qualify for a writ of habeas corpus. Since Petitioner's final order of removal was issued on May 26, 2007, Petitioner's statutory "removal period" has not expired as of the date of his filing of the Petition or even as of the date of this Opinion and accompanying Order, and Petitioner's detention has been proper. See id. § 1231(a)(2).

Moreover, after the statutory "removal period" expires, the government has full discretion to detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention"). Recognizing that its holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration in the federal courts" recognized a six-month "presumptively reasonable period of detention." Zadvydas, 533 U.S. at 700-01. Thus, under the holding of Zadvydas, Petitioner's detention is certain to remain legal at least until November 26, 2007. See id.

Furthermore, coining the "presumptively reasonable period of

detention," the Supreme Court stressed that,

> [a]fter this 6-month period, o[nly if] the alien provides *good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. *This 6-month presumption, of course, does not mean that every alien not removed must be released after six months*. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701 (emphasis supplied). In sum, if Petitioner is not removed to Grenada within six months after his removal order became final, that is, by November 26, 2007, Petitioner may shift the burden to the government (that is, obligate the government to show the feasibility of Petitioner's removal) if Petitioner states more than his bald conclusion that he "demonstrated" that his removal is not foreseeable. Rather, Petitioner would have to demonstrate that "the circumstances of his status" or the existence of "particular barriers to his repatriation" to his country of origin are such that there is no "significant likelihood of removal in the reasonably foreseeable future." See, e.g., Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002).

## CONCLUSION

Petitioner's application for a writ of habeas corpus under §

2241 is hereby DENIED WITHOUT PREJUDICE.[2]

An appropriate Order accompanies this Opinion.

                                                          /s/ Jose L. Linares
                                        United States District Judge

Dated: July 24, 2007

---

[2] This Court, however, notes that Petitioner is free to file another § 2241 petition should, after expiration of his _Zadvydas_ "presumptive period," Petitioner develop good evidence-based reason to believe that his removal is no longer reasonably foreseeable.